**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,           Case No. 3:12CR234

    Plaintiff

    v.           **ORDER**

Christopher Johnson,

    Defendant

    The defendant in this criminal case, Christopher Johnson, has moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Doc. 34).

    Johnson pled guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and using a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A).

    Johnson's offense conduct for the drug crime involved 9.3 grams of cocaine base and 927 grams of marijuana. (Doc. 25 at 6). According to Guidelines § 2D1.1, his base offense level was 18. After a three-level reduction for acceptance of responsibility, Johnson's total offense level fell to 15. With a category IV criminal history, Johnson faced a Guidelines range of thirty to thirty-seven months' imprisonment. (*Id.* at 25).

    Ultimately, I varied downward and imposed a twenty-four-month sentence. I imposed the mandatory five-year minimum on the gun charge, with the sentences to run consecutively.

    Johnson now invokes, as grounds for a reduced sentence, Amendment 782 to the Sentencing Guidelines. That amendment reduced most drug-quantity base offense levels by two levels – and did so retroactively. *See U.S. v. Powell*, 798 F.3d 431, 442 (6th Cir. 2015).

In light of Amendment 782, Johnson's new base offense level would be 16, and his new total offense level (in light of the acceptance-of-responsibility reduction) would be 13. Combined with his criminal history category, Johnson's new Guidelines range would be twenty-four to thirty months' imprisonment.

But Johnson's original sentence for violating § 841(a) was already at the low end of this adjusted range: twenty-four months' imprisonment. Johnson therefore asks me to lower his sentence even further: he wants me to "impose a sentence of 18 months" by granting him "the same 6-month downward variance imposed at original sentencing." (Doc. 34 at 2).

The Guidelines, however, forbid me from granting that relief.

Section 1B1.10(b)(2)(A) provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]"

For that reason, I cannot impose a sentence lower than twenty-four months' imprisonment.

It is, therefore, ORDERED THAT Johnson's motion to reduce sentence (Doc. 34) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge